# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BRANDY MIZE** | : | **DOCKET NO. 2:17-cv-1528** |
| **D.O.C. # 703060** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **FREDERICK BOUTTE** | : | **MAGISTRATE JUDGE KAY** |

## <u>REPORT AND RECOMMENDATION</u>

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Brandy Mize, who is proceeding pro se in this matter. Mize is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana. Frederick Boutte, warden of that facility and respondent in this matter, opposes the petition.

This petition is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMEDED** that the petition for writ of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE**.

# I.
## BACKGROUND

### A. Conviction

Mize was charged by bill of information in the Thirtieth Judicial District Court, Vernon Parish, Louisiana, with one count of being a principal to forcible rape,[1] a violation of Louisiana Revised Statute §§ 14:24 and 14:42.1; one count of being an accessory after the fact to forcible rape, a violation of Louisiana Revised Statute §§ 14:25 and 14:42.1; and four counts of being a principal to an aggravated crime against nature, a violation of Louisiana Revised Statute §§ 14:24 and 14:89.1(A)(2). Doc. 14, att. 2, pp. 9–10. The charges all related to Mize's involvement in the sexual abuse of her daughter, at the time a child under the age of 18, along with accomplice Travis McKee, in February 2015. *Id.* Pursuant to a plea agreement, Mize was convicted of the first two counts and the remaining charges were dismissed at the state's motion. Doc. 14, att. 4, pp. 18–29. On November 10, 2015, she was sentenced to a forty year term of imprisonment on Count 1 and a five year term on Count 2, with the terms to run consecutively. *Id.* at 40–42. The court did not specify whether any portion of the sentence was to be served without benefit of probation, parole, or suspension of sentence. *Id.* Meanwhile, Travis McKee pleaded guilty to one count of forcible rape and one count of molestation of a juvenile, and received consecutive sentences of forty years and twenty years. *State v. McKee*, 2016 WL 6495075 (La. Ct. App. 3d Cir. Nov. 2, 2016).

### B. Direct Appeal

Mize raised two assignments of error in the Louisiana Third Circuit Court of Appeal: (1) the sentence for Count 1 was excessive and (2) the court erred by imposing consecutive sentences, because her crimes constituted part of a common scheme or plan. Doc. 14, att. 5, pp. 1–19. The

---

[1] That offense is now designated as "second degree rape" under Louisiana law, though the elements remain the same. *See* 2015 La. Sess. Law Serv. Act 256 (S.B. 117) (West).

court found no merit to either claim, noting that the state district court had acted within its discretion and that multiple circumstances existed to justify the maximum and consecutive sentences.[2] *State v. Mize*, 2016 WL 5405268, at *2–*5 (La. Ct. App. 3d Cir. Sep. 28, 2016). Mize then sought review in the Louisiana Supreme Court, which denied writs on September 6, 2017. *State v. Mize*, 224 So.3d 983 (La. 2017). She did not file a petition for writ of certiorari in the United States Supreme Court, nor did she seek collateral review through a state application for post-conviction relief. Doc. 1, p. 2.

### C. Federal Habeas Petition

The instant petition was filed in this court on November 17, 2017.[3] Doc. 1. Here Mize complains that her sentence is unconstitutionally excessive, based on the combined terms imposed and the order that the sentences run consecutively. Doc. 1, att. 2.

## II.
## STANDARDS ON HABEAS REVIEW

### A. Timeliness

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512

---

[2] The court also noted that, because at least two years of a sentence for a forcible rape conviction must be served without benefit of probation, parole, or suspension of sentence, and the state district court had failed to impose any portion of the sentence without benefits, that Mize's sentence was illegally lenient. *Mize*, 2016 WL 5405268 at *2. However, because the lenience of the sentence was not raised as an error, the court determined that no action was required. *Id.*

[3] For pro se filings by an inmate, this court uses the date that the pleading was surrendered for mailing, if available, as the date of filing. If that date is not provided, we look to the date that the pleading was received by the court.

(5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### B. Exhaustion and Procedural Default

Exhaustion and procedural default are both affirmative defenses that may be considered waived if not asserted in the respondent's responsive pleadings. *E.g.*, *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994). However, the federal district court may also consider both doctrines on its own motion. *Magouirk v. Phillips*, 144 F.3d 348, 357–59 (5th Cir. 1998). Therefore we consider any assertions by respondent under these doctrines, in addition to conducting our own review.

#### 1. Exhaustion of State Court Remedies

The federal habeas corpus statute and decades of federal jurisprudence require that a petitioner seeking federal habeas corpus relief exhaust all available state court remedies before filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387

(5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). The exhaustion requirement is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, based on the same general legal theories and factual allegations that he raises in his § 2254 petition.

### 2. *Procedural Default*

When a petitioner's claim is dismissed by the state court based on state law grounds, and those grounds are independent of the federal question and adequate to support the judgment, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or that review is necessary "to correct a fundamental miscarriage of justice." *Coleman v. Mize*, 111 S.Ct. 2546, 2553–54, 2564 (1991) (internal quotations omitted). Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default) or (2) the petitioner fails to properly exhaust all

available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). This is not a jurisdictional matter, but instead a doctrine "grounded in concerns of comity and federalism." *Trest v. Cain*, 118 S.Ct. 478, 480 (1997). The grounds for traditional procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989). To serve as adequate grounds for a federally cognizable default, the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

### C.  *General Principles*

When a state court adjudicates a petitioner's claim on the merits, this court reviews the ruling under the deferential standard of 28 U.S.C. § 2254(d). *E.g.*, *Corwin v. Johnson*, 150 F.3d 467, 471 (5th Cir. 1998). That statute provides that a writ of habeas corpus shall not be granted unless the state court's adjudication resulted in a decision that was (1) contrary to clearly established federal law or involved an unreasonable application of that law, or (2) based on an unreasonable determination of the facts in light of the evidence before the state court. 28 U.S.C. § 2254(d). Where a habeas court is faced with an unexplained decision on the merits, it "looks through" that decision to the last related state court decision that provides a relevant rationale and presumes that the unexplained decision adopts the same reasoning. The respondent may rebut the presumption by showing that the unexplained decision most likely relied on different grounds than the reasoned decision below. *Wilson v. Sellers*, 138 S.Ct. 1188 (2018). Our review, however, ultimately encompasses "only a state court's decision, and not the written opinion explaining that

decision." *Maldonado v. Thaler*, 625 F.3d 229, 239 (5th Cir. 2010) (internal quotations omitted); *see also Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) ("The statute compels federal courts to review for reasonableness the state court's ultimate decision, not every jot of its reasoning.") Even if the state court issues a summary denial of the claim, "the habeas petitioner's burden still must be met be showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011).

The first standard, whether the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law, applies to questions of law as well as mixed questions of law and fact. The petitioner must demonstrate that the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S.Ct. at 786–87. A decision is only contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth [by the Supreme Court], or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a [contrary result]." *Bell v. Cone*, 125 S.Ct. 847, 851 (2005) (quotations and citations omitted). As the Court recently emphasized, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.' . . . Nor, of course, do state-court decisions, treatises, or law review articles." *Kernan v. Cuero*, 138 S.Ct. 4, 9 (2017) (internal citation omitted).

The second standard – whether the state court's adjudication was based on an unreasonable determination of the facts in light of the evidence – applies only to questions of fact. It is insufficient for a petitioner to show that the state court erred in its factual determination. Instead, he must demonstrate that the factual determination was objectively unreasonable, a "substantially higher threshold." *Schriro v. Landrigan*, 127 S.Ct. 1933, 1939 (2007). "[A] state-court factual

determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). Instead, a presumption of correctness attaches to the state court's factual determinations and the petitioner must rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III.
### LEGAL ANALYSIS

#### A. *Timeliness*

Mize's conviction became final on December 5, 2017, when her time for filing a petition for writ of certiorari in the United States Supreme Court expired. *See* Sup. Ct. R. 13. No time accrued against her one-year limit under § 2244(d) before she filed this petition on November 17, 2017. Accordingly, this petition is timely.

#### B. *Exhaustion and Procedural Default*

The respondent concedes that Mize exhausted her claims in the state court, and does not allege that any are subject to procedural default. *See* doc. 14, pp. 1–3. We note that, on direct appeal to the Third Circuit, Mize only argued state law grounds in support of assignment of error relating to the consecutive nature of the sentences. Doc. 14, att. 5, pp. 17–18. However, we are only reviewing that claim as it relates to the excessiveness of the sentence under the Eighth Amendment, and Mize argued an Eighth Amendment violation with respect to the length of the sentences. *See id.* at 12.  She also mentioned the fact that the forty-year term was ordered to run consecutive to another term as one basis for her claim of excessive sentence on direct appeal. *Id.* Accordingly, we determine that the federal nature of the claim reviewed below was sufficiently apparent on direct appeal and that the matter is therefore exhausted.

### C. Merits Consideration

Mize argues that the trial court violated her rights under the Eighth Amendment by (1) imposing the maximum sentences for each conviction and (2) ordering that the sentences run consecutively, despite the fact that the crimes constituted part of a common scheme or plan.

Under federal law, no sentence is per se constitutional. *Solem v. Helm*, 103 S.Ct. 3001, 3009–10 (1983). Determination of prison sentences is a legislative prerogative that is the primary province of the legislatures rather than the courts. *Rummel v. Estelle*, 100 S.Ct. 1133, 1139–40 (1980). Accordingly, sentences that fall within statutory limits are granted substantial deference. Such a sentence will not be overturned on habeas review "unless it is grossly disproportionate to the gravity of the offense." *Lott v. Miller*, 2008 WL 4889650 at *9 (E.D. La. Nov. 3, 2008) (citing *Harmelin v. Michigan*, 111 S.Ct. 2680 (1991)).

In the Fifth Circuit, excessive sentence claims are analyzed under the framework set forth in *McGruder v. Puckett*, 954 F.2d 313 (5th Cir. 1992). First, the court weighs the gravity of the offense against the severity of the sentence. *Id.* at 316. Then, if the court determines that the sentence is grossly disproportionate to the offense, it compares the sentence in the instant case to sentences for similar crimes in the same jurisdiction and to sentences for the same crime in other jurisdictions. *Id.* If the court does not find that the sentence is grossly disproportionate to the offense, however, no further inquiry is required and the court instead "defer[s] to the will of" the legislature. *United States v. Gonzales*, 121 F.3d 928, 942–43 (5th Cir. 1997), *overruled in part on other grounds by United States v. O'Brien*, 130 S.Ct. 2169, 2180 (2010), *as stated in United States v. Johnson*, 398 Fed. App'x 964, 968 (5th Cir. 2010). As the Supreme Court has noted, the disproportionality inquiry is inherently subjective. *Rummel*, 100 S.Ct. at 1138–39. Outside of the capital punishment context, successful proportionality challenges are "exceedingly rare." *Id.*

Here, as described above, Mize received the statutory maximum of forty years for being a principal to forcible rape and five years for being an accessory after the fact to forcible rape. The sentences were also ordered to run consecutively, resulting in a forty-five year term of imprisonment. As a result of Mize's plea, the state dismissed the four remaining counts of the indictment, through which she was charged with being a principal to an aggravated crime against nature.

Under Louisiana law, as the Third Circuit noted, sentences for convictions that are parts of a common scheme or plan "shall be served concurrently **unless** the court expressly directs that some or all be served consecutively." La. C. Cr. P. art. 883 (emphasis added); *see Mize*, supra, 2016 WL 5405268 at *4. The court acted within its statutory discretion when it ordered that the sentences run consecutively, despite the fact that the underlying offense conduct all related to the same series of sexual assaults to which Mize and McKee subjected the former's child over a brief span of time. The total forty-five year term is thus granted the substantial deference of a statutory sentence described above.

Mize argues that the sentence is disproportionate in light of the fact that she is a first-time offender, expressed remorse, agreed to testify against McKee, and entered into a plea bargain. Doc. 1, att. 2, p. 12. She also asserts that she was not an "active participant" in the abuse and that she herself was the victim of sexual abuse as a child. *Id.* Finally, she maintains that she was under the influence of drugs and alcohol during the offenses and that she was deeply afraid of McKee, who she contends had verbally and physically abused her in the past. *Id.* at 12–13.

At sentencing Mize's counsel referenced the above factors. Doc. 14, att. 4, pp. 33–35. As the court remarked, however, a maximum sentence was still appropriate because of the seriousness of the offense. The court described a phone call between Mize and McKee, before the assaults

began, in which McKee announced his intention to have sex with Mize's underage daughter in order to "control[] the hormones of the victim . . . ." *Id.* at 36. The court also described how Mize had remained in the same room for much of the time as her daughter was handcuffed, vaginally raped at least twice by McKee, and orally raped and otherwise assaulted multiple other times; how Mize was unresponsive to her daughter's cries of pain; and how the assaults continued over a period of two days, with Mize engaging in sex acts with McKee in front of the victim and leaving the house multiple times within that period but never seeking help. *Id.* at 36–40. Finally, the court noted that Mize initially denied both her involvement and McKee's after the victim escaped. *Id.* at 39–40; *see Mize*, supra, 2016 WL 5405268 at *1.

Mize fails to show that the forty-five year term was grossly disproportionate in light of the severity of the offense. Despite her attempts to downplay her involvement and assert her fear of McKee as a circumstance mandating a more lenient sentence, she fails to refute the summary above. Those facts show that she facilitated and participated in the sexual abuse of her daughter by her significant other and neglected multiple opportunities to call for help. Accordingly, Mize has not shown sufficient error to the state court's ruling and is not entitled to habeas relief.

## IV.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 7th day of June, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE